# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

HANOVER INSURANCE COMPANY, )
                      Plaintiff, )
v. ) No. 05-0228-CV-W-DW
    )
EXCELLENT FOOD PRODUCTS, INC., )
                      Defendant. )

**ORDER**

Before the Court is Defendant Excellent Food Product's (EFP) motion to dismiss or, in the alternative, stay. (Doc. No. 5.) For the following reasons, the motion is denied.

I.

Having purchased an insurance policy from Plaintiff Hanover Insurance, EFP made a claim under the policy for damages that allegedly occurred at one of its buildings. Thereafter, the parties attempted to appraise the property and amount of the loss. They did so pursuant to the policy's endorsement:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser and notify the other of the appraiser selected within 20 days of the written demand for appraisal. The two appraisers will select an umpire. If they cannot agree upon an umpire within 15 days, we or you may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. The umpire shall make an award within 30 days after the umpire receives the appraisers' submissions of their differences. A decision agreed to by any two will be binding.
>
>                       *   *   *
>
> If there is an appraisal, we will still retain our right to deny the claim.

Endorsement, ¶2(a)(2).

After the parties were unable to agree on the appraisal value or the selection of an umpire, EFP filed an "Application for Administrative Order" with the Circuit Court of Jackson County, Missouri, requesting the appointment of an umpire. In response, the state court, the Honorable Jay A. Daugherty presiding, appointed William F. Mauer as umpire. Mr. Mauer estimated that the total insured loss amounted to $296,146.00. EFP then moved the state court to have the umpire's award entered as a judgment in a document labeled "Application of Excellent Food Products, Inc. to Enter Judgment." Before Judge Daugherty ruled on the "Application," Hanover removed the matter to federal court. See Case No. 05-0442-CV-W-RED.

While the matter was still at the state level, Hanover Insurance filed this case, a separate action, seeking a declaration of its rights under the insurance policy. Among other things, the Complaint alleges that the insurance policy is void. In the pending motion, EFP argues that the Court should abstain from entertaining this declaratory judgment action because the state matter – which, as noted, has been removed – involves the same issues and parties.

II.

In Brillhart v. Excess Ins. Co. of Am., the United States Supreme Court addressed when a federal court should abstain from hearing a declaratory judgment suit in the face of a similar suit pending in state court. 316 U.S. 491 (1942). The Court explained that "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit when another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties." Id. at 495. When litigation is ongoing both at the state and federal levels, the issue for the federal court is "whether the questions in controversy between the parties to the federal suit...can be better settled in the proceeding pending in the state court." Id. In deciding this

issue, the federal court should examine "the scope of the pending state court proceeding and the nature of defenses open there." Id. Such an examination requires consideration of, *inter alia*, "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding." Id. See also Wilton v. Seven Falls Co., 515 U.S. 277, 282-83 (1995) (discussing, with approval, the Brillhart decision).

Invoking Brillhart, EFP argues that the Court should abstain from hearing this declaratory judgment suit. As EFP explains it, a state action has been filed involving the same parties and identical issues as this case, thus, under prevailing law, this case must be dismissed or stayed. For its part, Hanover contends that EFP's depiction of the state court matter is not an altogether accurate one. The state court matter, Hanover asserts, is not a legal action or suit at all, but an administrative matter involving an issue far narrower than the issues involved in this case. According to Hanover, the only issue presented in the state court is the appointment of the umpire.

Applying the law to the facts at hand, the Court finds that abstention is not appropriate. The state court matter, or the matter that was once before the state court, appears to be little more than an administrative proceeding, at least the case caption and court filings suggest as much.[1] Under Missouri law, a civil action is commenced by filing a petition with the court. Mo. R. Civ. P. 53.01. No petition has been filed in the state case. Further, those papers that have been filed in the state court do not name the parties to the action, as required under Mo. R. Civ. P. 55.02. For these reasons, the state matter does not appear to be a civil action.[2]

---

[1] The state matter is captioned "In re: Appointment of Honorable William Mauer as Umpire." Judge Daugherty's order is titled "Administrative Order No. 2004-194."

[2] EFP points out that Hanover's current position that the state matter is not a civil action is inconsistent with its decision to remove the matter to federal court. See 28 U.S.C. §1441 (allowing the

What's more, the issue involved in the state matter is far narrower than that involved in this case. The state matter, as the caption so clearly establishes, involves the appointment of an umpire. The scope of the matter is thus limited. Conceivably, the state matter *could* involve some aspect of the umpire's award, but that is still a far cry from what is involved here. In this case, the Complaint seeks a determination of whether the insurance policy covers EFP's claim or, as alleged, is void. The state matter is about procedure; this case is about coverage. Under these circumstances, the Court is not satisfied that the state matter involves the same issues as this case.

In conclusion, the Court is not convinced that the state administrative matter, which has now been removed, is a civil action. Such a determination cannot be made based on the record before the Court. Nor is the Court convinced that the scope of the state matter is broad enough to include the issues raised in this case. The claims involved here "can[not] be adjudicated in [the state] proceeding." Brillhart, 316 U.S. at 495. Therefore, abstention is not warranted.

### III.

For the foregoing reasons, the pending motion is denied. However, should developments in the administrative matter – either at the state or federal level – reveal that the matter is actually a civil action, and that the issues involved are broader than the appointment of an umpire, the defendant is invited to file its motion to dismiss anew.

IT IS SO ORDERED.

                                                                   /s/ DEAN WHIPPLE
                                                                        Dean Whipple
                                                            United States District Judge

Date: July 8, 2005

---

removal of a "civil action brought in state court....") However, by removing the matter, Hanover has not changed the nature of the state matter. Hanover can call the state matter a civil action in court filings, but doing so does not make it true.